No. 106 February 14, 2024 773

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of L. J. C.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

L. J. C.,
*Respondent,*

*v.*

G. C.,
*Appellant.*

Linn County Circuit Court
21JU03923; A182133 (Control)

In the Matter of P. R. C.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

P. R. C.,
*Respondent,*

*v.*

G. C.,
*Appellant.*

Linn County Circuit Court
21JU03925; A182134

In the Matter of A. J. C.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*and*

A. J. C.,
*Respondent,*

*v.*

G. C.,
*Appellant.*

Linn County Circuit Court
21JU03927; A182135

Michael B. Wynhausen, Judge.

Submitted January 10, 2024.

George W. Kelly filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erica L. Herb, Assistant Attorney General, filed the brief for respondent Department of Human Services.

Kristen G. Williams filed the brief for respondent children.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

The juvenile court terminated father's parental rights to his three children—L, age 11, P, age 7, and A, age 5[1]—pursuant to ORS 419B.504. A person's parental rights may be terminated pursuant to ORS 419B.504 "if the court finds that the parent or parents are unfit by reason of conduct or condition seriously detrimental to the child or ward and integration of the child or ward into the home of the parent or parents is improbable within a reasonable time due to conduct or conditions not likely to change." Father appeals. He maintains that termination is improper because, at the time of the termination trial, he was presently fit to care for the children, and nothing prevented the children from being returned to his care. Both the state and the children respond that the standard for termination is met.

We review *de novo* the termination of parental rights, which means that we make our own factual findings in deciding whether the legal standard for termination is met. ORS 19.415(3); ORS 419A.200(6). Even on *de novo* review, however, we give "considerable weight" to demeanor-based credibility findings, because the juvenile court judge "had the opportunity to observe the witnesses and their demeanor in evaluating the credibility of their testimony." *Dept. of Human Services v. T. L. B.*, 294 Or App 514, 516, 432 P3d 343 (2018), *rev den*, 365 Or 556 (2019) (internal quotation marks omitted); *see also Dept. of Human Services v. H. R. E.*, 297 Or App 247, 248 n 3, 441 P3d 726 (2019) ("[O]n *de novo* review, we defer to the juvenile court's demeanor-based credibility findings, but not to credibility findings that appear to have been driven by a comparison of the testimony with the substance of other evidence.").

Father's argument on appeal depends on our crediting his testimony that he did not sexually abuse L and P, that he was unaware of anyone else sexually abusing or trafficking L and P, and that all three children were well-cared for and happy prior to state intervention in the family. Having reviewed the entire record, including giving considerable weight to the juvenile court's demeanor-based credibility findings but otherwise making our own credibility findings,

---

[1] We state the children's ages at the time of the entry of the judgment.

we find that father is unfit by reason of conduct or condition seriously detrimental to the children and that integration of the children into his home is improbable within a reasonable time. We therefore affirm the termination of father's parental rights to L, P, and A.

Affirmed.